IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1327-WJM-KMT

JUANITA MCBETH,

    Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS, INC., d/b/a CORRECTIONAL HEALTH PARTNERS, and
DANIEL FITZGERALD,

    Defendants.

## ORDER DENYING MOTION TO REDUCE ATTORNEY'S FEES LIEN TO JUDGMENT

This matter is before the Court on Stewart Law, PLLC ("Stewart")'s Motion to Reduce Attorney's Fees Lien to Judgment ("Motion") (ECF No. 134). For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

This case arises out of an incident in which Plaintiff Juanita McBeth suffered injuries after being arrested by Pueblo County, Colorado sheriff's deputies. (ECF No. 1.) Plaintiff was represented both by Stewart, and by the respondent to this Motion, Romanucci & Blandin, LLC ("RB"). (ECF No. 134.) Plaintiff settled with some defendants in July 2018, and with the rest in October 2019. (*Id.*) The case was terminated on December 5, 2019. (ECF No. 132.)

On February 4, 2020, Stewart filed a Notice of Intent to File Lien ("Notice"), seeking its costs and 15% of the total settlement value from RB. (ECF No. 133.) On

February 25, 2020, Stewart filed the instant Motion, asking the Court to perfect that lien and reduce it to judgment. (ECF No. 134.) On June 12, 2020, RB filed a Response in opposition to Stewart's Motion. (ECF No. 142.)

## II. LAW & ANALYSIS

"Under the law of this circuit, the law of the state where the case is filed and prosecuted governs the applicability of attorney's liens." *Apa v. Qwest Corp.*, 402 F. Supp. 2d 1247, 1248 (D. Colo. 2005) (citing *Donaldson, Hoffman & Goldstein v. Gaudio*, 260 F.2d 333, 335 (10th Cir. 1958)). Stewart bears the burden of proof and persuasion as to the validity of its lien claim. *See Deitz v. Univ. of Denver*, 2011 WL 723118 (D. Colo. Feb. 22, 2011) (citing *Bd. of Cnty. Comm'rs of Jefferson Cnty. v. Quaintance*, 183 P.2d 569, 571 (Colo. 1947); *In re Marriage of Mitchell*, 55 P.3d 183, 185 (Colo. App. 2002)).

Colo. Rev. Stat. § 13-93-114 grants an attorney "charging" lien rights in costs and the value of a judgment or settlement:

> All attorneys- and counselors-at-law shall have a lien on any money, property, choses in action, or claims and demands in their hands, on any judgment they may have obtained or assisted in obtaining, in whole or in part, and on any and all claims and demands in suit for any fees or balance of fees due or to become due from any client. In the case of demands in suit and in the case of judgments obtained in whole or in part by any attorney, such attorney may file, with the clerk of the court wherein such cause is pending, notice of his or her claim as lienor, setting forth specifically the agreement of compensation between such attorney and his or her client, which notice, duly entered of record, shall be notice to all persons and to all parties, including the judgment creditor, to all persons in the case against whom a demand exists, and to all persons claiming by, through, or under any person having a demand in suit or having

> obtained a judgment that the attorney whose appearance is thus entered has a first lien on such demand in suit or on such judgment for the amount of his or her fees. Such notice of lien shall not be presented in any manner to the jury in the case in which the same is filed. Such lien may be enforced by the proper civil action.

An attorney asserting a lien claim bears the burden of establishing the agreement under which he or she was to be compensated, *see Quaintance*, 183 P.2d at 571, as well as the reasonableness of the amount sought. *People ex rel. MacFarlane v. Harthun*, 581 P.2d 716, 718 (Colo. 1978).

Additionally, to the extent an attorney seeks to enforce a lien against a third party (*i.e.*, not the attorney's client in the case), the attorney is required to provide notice of the lien claim. *Id*. The notice must "set[ ] forth specifically the agreement of compensation between such attorney and his or her client." Colo. Rev. Stat. § 13-93-114. "Because the right to an attorney's lien arises only by statute, strict compliance with the statute is necessary." *Mitchell*, 55 P.3d at 185 (internal citation omitted).

Stewart's Notice reads in relevant part as follows:

> 1.  The undersigned, the lien claimant, hereby asserts a lien against Nicolette A. Ward, as agent of Romanucci & Blandin, LLC, located at 321 N. Clark Street, Suite #900, Chicago, IL 60654, for services of attorney that were furnished by the undersigned attorney in the case of Juanita McBeth, Plaintiff v. Kirk M. Taylor, Pueblo County Sheriff; Deputy Justin Shrewsbury, individually and in his official capacity; Deputy Tammy Cisneros, individually and in her official capacity; Deputy Lisa Garcia, individually and in her official capacity; Sergeant Jesse Alcantara, individually and in his official capacity; Physicians Health Partners, Inc., d/b/a Correctional Health Partners; and Daniel Fitzgerald, Defendants.  <u>Case # 1:17-CV-01327</u>.  Said services consisted of being the lead attorney in the filing of this action before the Court, participation in discovery, identifying a[nd] retaining expert witnesses, paying expert witness fees, serve

> as lead attorney in the negotiation and settlement with defendants Sheriff Kirk M. Taylor, Pueblo County Sheriff in all capacities, Justin Shrewsbury (deceased) in all his capacities, Tammy Cisneros, in all her capacities, Lisa Garcia, in all her capacities, and Jesse Alcantara in all his capacities, accepted liability and responsibility of being [ ] a named trial attorney in this matter, provided paralegal services and support, incurred reimbursable cost and expenses during the prosecution of this case.
>
> 2.     The amount due or owing the lien claimant is 15% of the total settlement plus costs which were $8,500. Attached is a copy of the Affidavit of Service of Notice of Intent to File Lien Statement, which states that the Notice was filed at least ten (10) days before the filing of this Lien Statement. The Affidavit should be filed for record with this Lien Statement pursuant to Colorado Revised Statute § 12-5-119.

(ECF No. 133.)

As an initial matter, the Court notes that Stewart asserts its lien claim against RB, a third party (*i.e.*, not against Plaintiff, its client in this case). Accordingly, Stewart was required to file a notice that "set[s] forth specifically the agreement of compensation" between Stewart and Plaintiff (or, perhaps, between Stewart and RB). *See* Colo. Rev. Stat. § 13-93-114; *MacFarlane*, 581 P.2d at 718. The Notice summarily asserts that Stewart is entitled to "15% of the total settlement plus costs which were $8,500," but it fails to identify any agreement between the parties under which Stewart is entitled to this amount. Accordingly, Stewart has failed to satisfy its burden of demonstrating that its lien claim complies with the statute, Colo. Rev. Stat. § 13-93-114. "Because strict compliance with the statute" is necessary to reduce a lien claim to judgment, this is a basis for denying Stewart's Motion. *See MacFarlane*, 581 P.2d at 718.

Additionally, Stewart has proffered no evidence in support of its assertion that it is entitled to 15% of the total settlement amount plus $8,500 in costs. *Cf. Gooding v. Lyon*, 166 P. 564, 565 (Colo. 1917); *Quaintance*, 183 P.2d at 571; *Apa*, 402 F. Supp. 2d at 1248–1250. Nor does Stewart make any effort to establish that the amount it seeks is reasonable. *Cf. Apa*, 402 F. Supp. 2d at 1250–51; *Lopez v. Suncor (U.S.A.) Inc.*, 2012 WL 3886428, at *11–13. The Court will deny the Motion on this basis as well. *See MacFarlane*, 581 P.2d at 718; *Apa*, 402 F. Supp. 2d at 1251.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Stewart's Motion to Reduce Attorney's Fees Lien to Judgment (ECF No. 134) is DENIED.

Dated this 18th day of September, 2020.

BY THE COURT:

William J. Martinez
United States District Judge